CASE 92—INJUNCTION AGAINST TAX—JUNE 1.

# Bailey, Etc. v. Figely.

APPEAL FROM HOPKINS CIRCUIT COURT.

COMMON SCHOOLS—GRADED SCHOOLS—POWER OF COUNTY COURT UNDER SECTION 4464, KENTUCKY STATUTES.—The county court has no power by virtue of section 4464 of the Kentucky Statutes, to submit to an election the question of establishing a graded school in a district embracing a city of the fourth class and contiguous outlying territory.

GORDON & GORDON FOR APPELLANTS.

The section under which the election was held in this case provides that the county judge should order the election when petitioned to do so by ten legal voters in any justice's district, town, or city of the fifth or sixth class in his county, and the power of the county judge is not limited by the fact that a portion of the district lies within the city of Madisonville. School Laws, 1898, secs. 100, 127.

SAME COUNSEL FOR APPELLANT IN A PETITION FOR A MODIFICATION OF THE OPINION.

Common school elections are expressly excepted from the constitutional requirements as to registration and are left for the General Assembly to regulate. The statutory provisions as to registration do not apply to common school elections. The voting under the common school law is *viva voce*. Con., sec. 165; Ky. Stats., secs. 4467, 4489, 4458.

EDWARD W. HINES FOR APPELLEE. (COX & GORDON OF COUNSEL.)

1 Section 4464 of the Kentucky Statutes does not authorize a city of the fourth class to establish a graded school in the method adopted herein. The establishment of a graded school in cities of the fourth class is regulated by section 4489. It would seem that under the charter of cities of the fourth class graded schools may be established by ordinance. Ky. Stats., sec. 3606, unless the act regulating common schools which was passed subsequently to the charter of cities of the fourth class operated to repeal that provision.

2. The elections were not valid because there was no special registration as required by the Kentucky Statutes, sec. 1495.

3. A further objection to the election is that the order under which

it was held was not made at the next regular term after the petition was received. Doores v. Varnon, 94 Ky., 507; Webb v. Smith, 17 Ky. Law Rep., 1308; Wilson v. Hines, 99 Ky., 221.

MAURICE K. GORDON in a separate brief for appellee. (EDWARD W. HINES, WM. J. COX and CLIFTON J. WADDLE of counsel.)

1. The county judge has no right under section 4464 of the Kentucky Statutes to call an election for school purposes in a fourth class city. The proposed district if formed as contemplated embracing taxable property outside of the city after valuable buildings had been erected at its cost, would have to give way to the right of the city to assume control alone, at its pleasure, and thus subject those taxpayers of the district in the country to injustice.

2. The county court has no power to change or revoke its orders after the term in which they were made.

3. The petition is not sufficiently certain in designating the site of the proposed school.

    Citations: Ky. Stats., secs. 4464, 4489; Taylor v. Tibbatts, 13 B. M., 182; Railroad Co. v. McMurtry, 6 B. M., 215.

JUDGE BURNAM delivered the opinion of the court.

In November, 1898, a petition was filed in the county court of Hopkins county, pursuant to the provisions of section 4464 of the Kentucky Statutes, seeking to have a graded school established in common school district No. 4, the boundary of which embraced the city of Madisonville, which is a city of the fourth class, and a large contiguous territory outside of the limits of the city. At the following December term an order was made by the county court requiring an election to be held on the 17th day of January to determine whether the school should be established and the proposed tax levied. Subsequently, at the January term, and before the day fixed for the election, the court entered another order, setting aside the order made at the January term, and directing that the election be held on the 14th day of February thereafter. An election was held on the last day named, which resulted in 225 votes being

cast for the graded common school tax, and 158 against it, and the election of appellants as trustees of the district, who thereafter, assuming to act as such trustees, levied a tax of 50 cents on the property of all white persons and corporations in the aforesaid boundary, and a poll tax of $1.50 on each white male residing therein over 21 years of age, for the purpose of maintaining a graded common school in the district, and to pay for the erection of suitable school buildings.

Thereupon this action was instituted by appellee, a resident and tax-payer of the city of Madisonville, to enjoin the collection of the tax so levied by the trustees, upon the ground that the election of appellants was illegal and void, because the district boundary in which the vote was taken includes the city of Madisonville, a city of the fourth class, and large contiguous territory outside of the limits of said city, and for this reason the county court had no jurisdiction to make an order to hold such election.

By section 4464 of the Kentucky Statutes, the county court is given jurisdiction of all proceedings for the establishment of graded schools in rural districts and cities of the fifth and sixth classes. It reads as follows: "It shall be the duty of the county judge in each county of this Commonwealth, upon a written petition signed by at least ten legal voters who are tax-payers in the justice's district, town or city of the fifth or sixth classes in his county, to make an order on his order-book, at the next regular term of his court after he receives said petition, fixing the boundary of any proposed graded common school district, as agreed on by the county judge and the petitioners," directing an election to be held in said proposed graded common school district, "not . . . earlier than forty days from the date of said order, for the purpose of taking the sense

of the legal white voters in said proposed graded common school district upon the proposition whether or not they will vote an annual tax, in any sum named in said order, not exceeding fifty (50) cents on each one hundred dollars ($100) of property assessed in said proposed graded common school district, town or city, belonging to said white voters, or a poll tax . . . not exceeding one dollar and fifty cents ($1.50) per capita on each white male inhabitant over twenty-one (21) years of age residing in said proposed graded common school district, or both an *ad valorem* and a poll tax, if so stated in the said order, for the purpose of maintaining a graded common school in said proposed graded common school district, and for erecting, purchasing or repairing suitable buildings therefor if necessary." The statute further provides that the proposition to establish a graded common school district as provided for in this section, must be approved in writing on the petition to the county judge by a majority of the trustees of the common school district, and approved in writing on said petition by the county superintendent of common schools, etc.

This section limits the jurisdiction of county courts to proceedings to establish graded schools to cities of the fifth and sixth classes and rural districts. This is made very clear by section 4489, which forms a part of the same article, which regulates the manner in which schools may be established in cities of the first, second, third, and fourth classes. It provides that any city of this class may accept the provision of the common school law, and establish graded common schools, subject to all the provisions thereof, except as specially provided therein, at an election in the manner prescribed in section 4464. But the steps provided are radically different. The order

for the holding of an election in one of these cities may be made by the mayor, who shall in such case perform all of the duties required of the county judge. The number of petitioners is required to be one hundred, instead of ten. The approval of the county superintendent is not required. The location and site of the school house are not required to be set out. The maximum limit of the cost of such school building is fixed at $100,000, instead of $15,000. The number, name, and style of the board of trustees shall be determined by themselves, instead of the number being limited to six, but the number of trustees shall not exceed the number of wards in the city. Principals and teachers are not required to hold county certificates. The superintendent of public instruction is directed to pay directly to the treasurer of the graded school the *pro rata* proportion of the school fund due said city from the State. And the aggregate amount of outstanding bonds issued by the board of trustees can not exceed two per cent. of the taxable property of the city, instead of the bonds being limited in amount to $15,000, as provided for in cities of the fifth and sixth classes, and for rural districts.

In the case at bar, all steps looking to the establishment of the proposed graded common school district, which embraced the city of Madisonville, were had under the provision of section 4464 of the Kentucky Statutes. We think it was the purpose of the statute to draw a sharp distinction between graded schools located in the country and small villages and towns of the State, and the larger cities, and that it was intended that these larger communities should have schools confined to their own limits, and that their control should be vested in officials selected by the voters of their city.

Under these provisions of the statute, we think it is

clear that a city of the fourth class can not be included with outlying territory for the purpose of establishing a graded school, and that the county court had no jurisdiction to direct that an election be held for this purpose; and all steps and orders for this purpose, and the election held pursuant thereto are void.

A number of other errors are relied on, but, in view of our conclusions as to this one, it will be unnecessary for us to consider them.

For reasons given, the judgment is affirmed.